UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

EILEEN SISK,                      )
                                  )
          Plaintiff               )
                                  )
v.                                )
                                  )        No. 3:11-1159
GANNET COMPANY, INC.; GANNETT     )        Judge Campbell/Brown
COMPANY, INC. INCOME PROTECTION   )
PLAN; and AETNA LIFE INSURANCE    )
CO., a Connecticut corporation,   )
                                  )
          Defendants              )

                 **INITIAL CASE MANAGEMENT ORDER**

          Pursuant to Local Rule 16.01(d)(2), the following Initial

Case Management Plan is adopted.

          **1.    JURISDICTION.**  This Court has subject matter jurisdiction

over this case pursuant to 28 U.S.C. §  1331 and 29 U.S.C. § 1132.

          **2.    STATUS OF SERVICE OF PROCESS AND RESPONSIVE PLEADINGS.**

Service of process has been achieved. Defendants will file their

respective  responsive pleadings on or before February 13, 2012.

          **3.    PLAINTIFF'S THEORY OF THE CASE.**  Plaintiff maintains that

she is disabled and that Defendants wrongfully terminated  her

short-term disability (STD) benefits effective 10/30/08 and

wrongfully denied her  claim for long-term disability (LTD)

benefits.  Plaintiff maintains that, after Defendant issued its

final administrative denial of  Plaintiff's claim, Defendant

breached its fiduciary duty to her when it failed to produce  all

material, information and records as it was required to do under 29

C.F.R. § 2560.503.

**4.     DEFENDANTS' THEORY OF THE CASE.**  Defendants deny all of Plaintiff's claims and assert that all benefits determinations made were proper and supported by the documentation available to the claim administrator. Defendants further deny that any of them breached any fiduciary duty owed to Plaintiff, whether by failing to provide material, information or records, or otherwise. Additionally, Defendants submit that Plaintiff never filed a claim for long term disability benefits. Defendants submit that no claim for breach of fiduciary duty is pled in the Complaint, and furthermore, any such claim that is premised upon an alleged failure to provide the Plan document is moot because Plaintiff attached a copy of the Plan document to her Complaint.

**5.     ISSUES FOR THE PLAINTIFF.**

A.     Whether discovery is permitted in this matter and, if discovery is permitted, the extent of permitted discovery.

B.     The standard of review that is to be applied.

C.     The nature and scope of the documents, information, policies, procedures and other relevant material that constitute the claims file of this case.

D.     The nature and scope of the documents, information, policies, procedures and other material that this Court will consider in the course of this matter.

E.     Whether a conflict of interest exists in regard to Defendant(s).

F.     If a conflict exists, the extent to which it may have influenced Defendant's/Defendants' decision.

G.     Whether Plaintiff is entitled to benefits, interest, attorney's fees, and costs.

H.     Whether Defendant(s) breached any fiduciary duty to Plaintiff cognizable under ERISA, including whether Defendant(s) breached any fiduciary duty with respect to the disclosure provisions of 29 C.F.R. § 2560.503-1(h).

I.     If any breach cognizable under ERISA occurred, the appropriate remedy under ERISA.

**6.     ISSUES FOR GANNETT AND THE PLAN.**  Gannett and the Plan submit that the only issue for the Court's consideration is whether Plaintiff is entitled to short term disability benefits under the terms of the Plan.

**7.     COUNTERCLAIMS, CROSS-CLAIMS, THIRD-PARTY CLAIMS, AMENDED PLEADINGS, JOINDER OF PARTIES AND/OR CLAIMS.**  Plaintiff has advised that he does wish to file an amended complaint to correct a typographical error and to adjust his claim.  The Plaintiff may file an amended complaint on or before **April 13, 2012.**

It does not appear that other amendments to add counterclaims, cross claims, or third-party claims joinder or consideration of class action are contemplated at this time.

**8.** **SETTLEMENT.** Further consultation between the parties is necessary before an accurate assessment of the prospects for settlement can be made.

**9.** **DISCOVERY/ADMINISTRATIVE RECORD.**

**A.** **The Parties' Positions on Discovery.** The parties have a sharp disagreement over the scope of authority. Plaintiff contends that under *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348, 171 L. Ed. 2d 299, 76 U.S.L.W. 4495 (6-19-2008), as well as *Kinsler v. Lincoln National Life Ins. Co.*, 660 F.2d 830 (M.D. Tenn. 2009), that discovery is allowable so that the plaintiff may develop evidence of biased or improper conduct on the part of the defendant.

The Defendants contest that under *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) that discovery is not permitted simply because there is an allegation of bias or potential conflict of interest between the plan owner and the plan administrator.

Judge Trauger in *Kinsler v. Lincoln National Life Ins. Co.*, 660 F.2d 830 (M.D. Tenn. 2009) summarized the conflicting Sixth Circuit law on this issue as well as the Supreme Court case in *Glenn*.

The Magistrate Judge had previously entered an order in *Platt v. Walgreen Income Production Plan, et al.*, 3:05-0162 (Docket Entry 25) permitting limited discovery when there was an allegation

of bias relying on the *Kalish* opinion.  Judge Echols affirmed this order (Docket Entry 31).

It would be of great assistance to the Bench and Bar if the Sixth Circuit would speak more clearly on this issue.  The goal set forth in *Wilkins* is to have a speedy and inexpensive resolution of ERISA cases.  Permitting extensive discovery simply on an allegation of bias certainly does not meet that standard.  However, as the Supreme Court pointed out in *Glenn* the Court should be careful not to carve out exceptions to the general discovery rules.

One distinguishing factor in this case that unlike the previously cited case it appears here that the administrator who makes the decisions in this case does not pay claims from its own fund.  Thus, there is not the conflict recognized in the cases where the plan both makes the decision and pays the benefits.

Whether the simple fact that the administrator may wish to please the plan in order to keep the business is a sufficient conflict to open up discovery without more is, in the Magistrate Judge's view, a more open question.

In this case the Magistrate Judge believes that the best resolution is to stay discovery on this issue until such time as the administrative record has been filed.  Once the administrative record has been filed then the Plaintiff may file a motion for discovery, and after a response, the Magistrate Judge will be in a far better position to rule having both the administrative record and the amended complaint before him.

**B.** **The Claims File/The Administrative Record.** Whether the administrative record constitutes the claim file is another issue disputed between the parties. The exact scope of 29 CFR Sec. 2560.503-1(h) is not clear at this conjuncture. Once the administrative record is filed, if the Plaintiff believes that there are additional matters that might be contained in a claims file that are relevant to this case Plaintiff may make a motion on that issue as well after Plaintiff has conferred about the matter with the Defendants.

The Defendants shall file the administrative record on or before **March 13, 2012**.

10. **MOTIONS.** The Magistrate Judge will set a deadline of **June 22, 2012**, for the filing of dispositive motions, such as for judgment on the administrative record. Responses shall be due **28 days** thereafter and replies, if any, limited to **five pages**, may be filed within **14 days** after the filing of any party's response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

11. **SUBSEQUENT CASE MANAGEMENT CONFERENCE.** The Magistrate Judge will set a subsequent case management conference, if necessary, set any motions concerning discovery and the adequacy of the administrative records for a hearing once those items are briefed.

12. **TRIAL.** At the present time the Magistrate Judge does not anticipate the necessity for a trial in this matter inasmuch as

this is an ERISA action and should normally be able to be decided on the administrative record.

      **13. MAGISTRATE JUDGE.** The parties do not consent to proceed before the Magistrate Judge in this matter.

      It is so **ORDERED**.

_/S/  Joe B. Brown_____

JOE B. BROWN

United States Magistrate Judge
