UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EILEEN SISK,                          )
                                      )
        Plaintiff                     )
                                      )
v.                                    )
                                      )   No. 3:11-1159
GANNET COMPANY, INC.; GANNETT         )   Judge Campbell/Brown
COMPANY, INC. INCOME PROTECTION       )
PLAN; and AETNA LIFE INSURANCE        )
CO., a Connecticut corporation,       )
                                      )
        Defendants                    )

## O R D E R

Presently pending is the first motion to compel the Defendants Motion to Perfect the Claims File (Docket Entry 37). The administrative record in this matter has been filed (Docket Entry 18-22, 36). The Defendants have filed responses in opposition to the motion to compel (Docket Entries 38, 40).[1]

After considering the arguments of the parties the Magistrate Judge believes that the motion to compel the Defendants to perfect the claims file must be **DENIED**. The administrative record in this case is extensive and the Magistrate Judge believes that the responses of the Defendants to the motion are correct statements of the law, although the Magistrate Judge admits that, as pointed out by Judge Trauger in *Lincoln National Life Insurance Company*, the case law in the Sixth Circuit is anything but clear.

---

[1] In reviewing the scheduling order in this matter (Docket Entry 17) the Magistrate Judges notes that there was a reference to *Kinsler v. Lincoln National Life Insurance Company*, by Judge Trauger has an incorrect citation. The correct citation to this case is 3:08-CV-1203, and the particular opinion is Docket Entry 35.

Now that the Magistrate Judge has an administrative record it does appear that it will be necessary to specifically take up issues of discovery. As pointed out in the *Platt v. Walgreen Income Protection Plan for Store Managers, et al.*, 3:05-162 (Docket Entry 25), some discovery is permitted in these cases.

The Plaintiff should file a motion within the next 21 days specifying what discovery she specifically requests and the basis therefor. The Defendants will have **14 days** within which to respond. At the request of any party the Magistrate Judge will consider setting the matter for oral argument.

For the guidance of the parties the Magistrate Judge is not at this point persuaded that discovery should be taken on issues that do not directly relate to potential bias or conflict of interest of a party. The record is now over 1,500 pages–there have to be some limits. Issues concerning procedure manuals for which there is no showing that they were considered by the deciding officials appear to the Magistrate Judge at this point not to be discoverable.

A good bit of the Plaintiff's brief concerning whether subjective claims of pain and disability have to be considered are best left to argument. The administrative record appears to show what the claims administrator considered, and if they do not appropriately justify failure to consider subjective claims of pain, then the Court is in a position to determine whether the decision is appropriate or not.

It is so **ORDERED**.

/S/ Joe B. Brown
---
JOE B. BROWN
United States Magistrate Judge