```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION
```

EILEEN SISK,                          )
                                      )
        Plaintiff                     )
                                      )
v.                                    )
                                      )    No. 3:11-1159
GANNET COMPANY, INC.; GANNETT         )    Judge Campbell/Brown
COMPANY, INC. INCOME PROTECTION       )
PLAN; and AETNA LIFE INSURANCE        )
CO., a Connecticut corporation,       )
                                      )
        Defendants                    )

## **O R D E R**

Presently pending is the Plaintiff's motion for discovery (Docket Entry 46) to which the Defendant Gannett Company, Inc. and Gannett Company, Inc. Income Protection Plan (Defendant Gannett) have responded (Docket Entry 54). In their response the Defendant cites two cases which they contend are more recent than the cases cited by the Plaintiff in her request (Docket Entry 46).

In reviewing the matter the Magistrate Judge notes that in the request for discovery the Plaintiff stated that she was ready at the Court's direction to actually prepare and file the specific interrogatories, requests for production, notice of depositions, etc., but was not effectively able to do so until such time as it was determined whether Aetna Life Insurance Co. (Aetna) would be a defendant.

Aetna has now been dismissed.

The Magistrate Judge will therefore **DENY** the request for discovery (Docket Entry 46) without prejudice at this time to the Plaintiff filing the specific discovery she intends to seek.

The Magistrate Judge is particularly interested in what difference it makes whether a plan administrator actually pays the claim or not. It appears to the Magistrate Judge that when an administrator such as Aetna does not actually pay benefits, that the discovery the Plaintiff seems to be seeking does require something more than a general allegation of possible bias. *See Heffaker v. Metropolitan Life Ins. Co.*, 271 F. App'x 493 (6th Cir. 2008). More recent cases have allowed some discovery and have discussed the unfortunate lack of a controlling Sixth Circuit case in this area. *See Mullins v. Prudential Ins. Co. of America*, 267 F.R.D. 504 (W.D. Ky 2010). Certainly, in resolving this issue some attention has to be devoted to the Supreme Court case of *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

Unfortunately, at the present stage, the Magistrate Judge needs to see what the specific amended complaint in this case will be, what the specific requests for discovery will be, and what effect (if any) the dismissal of Aetna from the case has.

The Magistrate Judge is concerned that ERISA cases are rapidly moving beyond having them inexpensively and expeditiously resolved. While there is a valid argument that some discovery may well be authorized in some cases, efforts to push to the absolute limit are not particularly helpful. As the Court noted in *Myers v. Prudential Ins. Co. of America*, 581 F.2d 904, 913(E.D. Tn 2008) stated:

> This approach does not mean oceanic fishing expeditions will be permitted. Much of discovery is a fishing

expedition of sorts, but the Federal Rules of Civil Procedure allow the Court to determine the time, the type of lure, and how long the parties can leave their lines in the water.

In summary, the Magistrate Judge will be in a much better position to rule on the anticipated discovery issue once the amended complaint has been filed and the Plaintiff has set forth the specific questions she wishes to propound and the Defendants have responded. The Magistrate Judge may well set a telephone conference with the parties to discuss the expected discovery if the parties are unable to reach an agreement on their own.

It is so **ORDERED**.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge