IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EILEEN SISK | ) |
| | ) |
| v. | ) NO. 3-11-1159 |
| | ) JUDGE CAMPBELL |
| GANNET COMPANY, INC., et al. | ) |

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 89), Objections filed by Defendant Gannett Company (Docket No. 94 ), and a Response filed by the Plaintiff (Docket No. 97).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, the Response, and the file. The Objections of the Defendant are overruled, and the Report and Recommendation is adopted and approved. Accordingly, Plaintiff's Motion for Judgment on the Administrative Record (Docket No. 70) is GRANTED IN PART AND DENIED IN PART.

With regard to Defendant's objection as to the standard of review, the Court notes that the Plan names the Benefit Plans Committee as fiduciary and plan administrator. Although the Plan also authorizes the Committee to delegate and allocate responsibilities for the operation and administration of the Plan to others, Defendant has not pointed the Court to any document which actually makes such a delegation to Aetna (or anyone else). But, under either "de novo" or "arbitrary and capricious" review, the Magistrate Judge reached the correct result.

With regard to Defendant's argument concerning the requirement that Plaintiff prove her disability through objective medical evidence, the Court finds the Magistrate Judge's interpretation of the contract and his recommendation to be correct. *See, e.g., Edwards v. Lincoln Nat. Life Ins. Co.*, 2012 WL 1902396 at * 13 (M.D. Tenn. May 25, 2012); *Brooking v. Hartford Life and Accident Ins. Co.*, 2006 WL 357881 at * 4 (6th Cir. Feb. 16, 2006).

The Court also finds that, under the circumstances and medical history presented, Defendants' arguments concerning their own medical evaluators vs. Plaintiff's treating physicians are not persuasive. The Court also notes that the decision of the Social Security Administration is not binding, but it is a factor to consider.

For these reasons and those stated in the Report and Recommendation, Plaintiff's Motion for Judgment on the Administrative Record (Docket No. 70) is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded short-term disability benefits and the case is remanded to Defendant for consideration of Plaintiff's entitlement to long-term benefits under the Plan.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE